UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PHONE and SAMMY CHANTHAVONG, :
                Plaintiffs, :
                :
  v.                  :      CA 10-211 S
                :
JOHN DOE CORPORATION :
D/B/A AMERICAN HOME MORTGAGE :
SERVICING, INC., :
                Defendant. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is Defendant American Home Mortgage Servicing, Inc.'s Motion to Dismiss (Docket ("Dkt.") #20) ("Motion to Dismiss" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Hearings were held on December 6 and 16, 2011. After reviewing the filings, listening to oral argument, and performing independent research, I recommend that the Motion be denied, but that Plaintiffs be sanctioned as set forth in the conclusion of this Report and Recommendation.

**Facts[1] and Travel**

---

[1] The facts are taken from the documents in the record, including the Memorandum of Law in Support of American Home Mortgage Servicing, Inc.'s Motion to Dismiss (Docket ("Dkt.") #21) ("Defendant's Mem.") at 1-2. Plaintiffs did not file an objection to the Motion to Dismiss. At the December 6, 2011, hearing the Court asked Plaintiffs' counsel if he disagreed with any of the facts which had been recited by Defendant's counsel. Plaintiffs' counsel stated that he did not disagree with the

On or about January 2, 2007, Plaintiffs Phone and Sammy Chanthavong ("Plaintiffs") obtained a mortgage loan from Defendant American Home Mortgage Servicing, Inc. ("Defendant"). Complaint, Count 1.[2] In the agreement relating to the loan Defendant agreed to waive all escrow payments for insurance and property taxes. Id. On or about May 30, 2008, Defendant sent Plaintiffs a statement indicating that a payment was due July 1, 2008, and that part of the payment was for an escrow balance. Id. Although Plaintiffs had no obligation to make escrow payments, they mistakenly paid the amount requested by Defendant. Id. Plaintiffs subsequently recognized their error and attempted to correct it. Id. Defendant, however, continued to demand escrow payments from Plaintiffs and treated the loan as being in arrears because of Plaintiffs' failure to make such payments. Id. Plaintiffs allege that Defendant threatened them with foreclosure, sent them a series of dunning letters, and refused to correct the error in the amount of payment being demanded. Id.

In or around April 2010, Plaintiffs filed a three count Complaint against Defendant in the Superior Court of Providence

---

facts, although he believed that dismissal was too harsh a sanction for Plaintiffs' failure to provide the requested discovery in a timely manner.

[2] The Court is constrained to cite to the Complaint by counts rather than by paragraph number because each count begins with paragraph number "1." This hinders pinpoint citation. The paragraphs of a complaint should be numbered sequentially from the first paragraph to the last, and the numbering should not be restarted for each count.

County.  See Complaint, Attachment ("Att.") 1 (Letter from Healy to American Home Mortgage, Inc.).  Count 1 is a breach of contract claim.  Count 2 alleges that Defendant libeled Plaintiffs by filing false reports with various credit reporting agencies.  Count 3 appears to plead a violation of the federal Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

Defendant removed the action to this Court on May 10, 2010.  See Docket.  Thereafter, Defendant sought and received three extensions of time within which to file an answer.  See id.  Plaintiffs assented to the last two of these extensions.  See id.  On January 18, 2011, the Court entered a pretrial scheduling order which required that factual discovery be completed by July 18, 2011, and that dispositive motions were due by August 18, 2011.  See Standard Pretrial Order (Dkt. #12) ("Pretrial Order").

Defendant served Plaintiffs with interrogatories and a request for production of documents on April 18, 2011.  Defendant did not receive responses by the due date of May 19, 2011.  As a result of communication between counsel, Defendant agreed to extend the time within which Plaintiffs could respond to Monday, June 13, 2011.  Plaintiffs failed to provide responses by this new date.  At a June 15, 2011, settlement conference with Magistrate Judge Lovegreen, the parties agreed to withhold further discovery while settlement negotiations continued.  On August 8, 2011, the parties filed a joint motion for an extension of the deadlines established by the

3

Pretrial Order.  See Joint Motion to Extend the Court's Scheduling Order Deadlines (Dkt. #18).  The joint motion was granted by an August 15, 2011, text order which set October 1, 2011, as the deadline for the completion of fact discovery and November 1, 2011, as the deadline for filing dispositive motions.

On August 30, 2011, counsel for Defendant communicated with Plaintiffs' counsel and requested production of all discovery responses by September 6, 2011.  Defendant did not receive responses to discovery by this date.  On September 7, 2011, Defendant filed its motion to compel responses to requests for production of documents and interrogatories and requested a ten-day order because discovery was scheduled to close on October 1, 2011.  Motion to Compel Responses to Request for Production of Documents and Interrogatories (Dkt. #19) ("Motion to Compel").  No objection was filed to the Motion to Compel, and on September 30, 2011, it was granted by the Court in a text order.  See Dkt.  Plaintiffs did not comply with this order.

Defendant filed the instant Motion to Dismiss on October 25, 2011.  Significantly, Plaintiffs did not file an objection to the Motion.  The Court, in an abundance of caution, scheduled a hearing on the Motion for December 6, 2011.  Counsel for Plaintiffs appeared at the hearing and asked that the Motion not be granted because the discovery had been delivered the day before to the office of Defendant's counsel and another copy had been provided to

Defendant's counsel immediately prior to the hearing.

After listening to argument, the Court stated that whether the discovery provided satisfied Defendant's discovery requests was a factor which bore on whether the Motion should be granted. Accordingly, the Court continued the hearing to Friday, December 16, 2011, to allow Defendant's counsel time to review the discovery which had been provided and to advise the Court whether it satisfied Defendant's request. Defendant's counsel was granted permission to file a supplemental memorandum by December 9, 2011, regarding the sufficiency of the discovery provided. The Court indicated that Plaintiffs' counsel was not required to file a memorandum, but was permitted to do so if Defendant contended that it was inadequate.[3]

On December 9, 2011, Defendant filed a supplemental memorandum, advising that the responses to the interrogatories and requests for production which it had received from Plaintiffs were "inadequate." Supplemental Memorandum of Law in Support of American Home Mortgage Servicing, Inc.'s Motion to Dismiss ("Defendant's Supp. Mem.") at 1. Defendant contended that it was unable to quantify Plaintiff's alleged damages without documents and information "that it requested in discovery nearly eight months ago and which documents and information still ha[ve] not been

---

[3] At the December 6, 2011, hearing Defendant's counsel noted that the responses to the interrogatories were unsigned. Plaintiffs' counsel stated that signed responses would be provided that same day.

5

provided." Id. In support of this contention, Defendant noted that its first request for production sought "[a]ny and all documents that relate to your attempts to refinance the loan you obtained to purchase property located at 150 Avenue C, Woonsocket, Rhode Island ... on January 2, 2007 ...." Id. (quoting Defendant, American Home Mortgage Servicing, Inc.'s Request for Production of Documents to Plaintiffs, Phone and Sammy Chanthavong ("Request for Production") at 4)(alterations in original).[4] In response, Plaintiffs did not produce any document that related to the successful refinance which they obtained from Milford Savings and Loan. Id. at 1-2. Instead, Plaintiffs responded that they had "requested copies of the entire Loan file from that institution." Id. at 2.

Defendant also noted in the supplemental memorandum that Interrogatory No. 13 propounded to Sammy Chanthavong asked him to "identify and describe all of the damages you have incurred as a result of the allegation in this case including, but not limited to: ... a quantification of all sums of money lost from your claimed inability to refinance the January 2, 2007 mortgage loan ...." Id. at 2 (alterations in original). Plaintiffs responded that "they 'were rejected in our mortgage application and had to

---

[4] A copy of Defendant's request for production is attached as Exhibit A to Defendant's Mem. See Defendant's Mem., Exhibit ("Ex.") A (Defendant, American Home Mortgage Servicing, Inc.'s Request for Production of Documents to Plaintiffs, Phone and Sammy Chanthavong ("Request for Production")).

6

continue to pay an unduly high rate for our mortgage for approximately 18 months ...' but that they '... cannot at this point quantify the damages in terms of dollars.'" Id. at 2-3 (quoting Plaintiff Sammy Chanthavong's Response to Defendant's Interrogatory No. 13) (alterations in original).

At the December 16, 2011, hearing Defendant's counsel reported that Plaintiffs' counsel had provided him with additional documents just prior to the hearing and that the documents appeared to be bank documents relating to Plaintiffs' refinance of their mortgage. However, Defendant had not received any additional response to the interrogatories which had been propounded to Plaintiffs. Plaintiffs' counsel acknowledged that Plaintiffs had not quantified their damages in the responses to interrogatories but argued that the damages attributable to the delay in refinancing was probably under three thousand dollars and that the primary basis for Plaintiffs' claim for damages was that they had suffered emotional distress.

**Law**

The Federal Rules of Civil Procedure authorize the district court where an action is pending to sanction a party, its officer, director, or managing agent, or a witness designated under Rule 30(b)(6), for disobeying an order to provide discovery, including

7

orders under Rules 26 and 37. See Fed. R. Civ. P. 37(b)(2).[5]
Among the listed sanctions are orders "dismissing the action or proceeding in whole or in part; [or] rendering a default judgment against the disobedient party ...." Fed. R. Civ. P. 37(b)(2)(A);

---

[5] Fed. R. Civ. P. 37(b) provides in relevant part:

(b) Failure to Comply with a Court Order.

....

(2) Sanctions in the District Where the Action Is Pending.
   (A) *For not obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
     (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
     (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
     (iii) striking pleadings in whole or in part;
     (iv) staying further proceedings until the order is obeyed;
     (v) dismissing the action or proceeding in whole or in part;
     (vi) rendering a default judgment against the disobedient party; or
     (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

....

Fed. R. Civ. P. 37(b).

see also United States v. Palmer, 956 F.2d 3, 6-7 (1st Cir. 1992) ("[I]n the ordinary case, where sanctions for noncompliance with discovery orders are imposed on a plaintiff, the standard judgment is dismissal of the complaint, with or without prejudice, while a judgment of default typically is used for a noncomplying defendant.").

Dismissal with prejudice is a particularly harsh sanction which should be imposed only in extreme circumstances. Taffanelli-Figueroa v. Fajardo-Vélez, 483 F.3d 24, 26 (1st Cir. 2007); see also Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1991) ("[D]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'")(quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990)). "Discovery abuse, while sanctionable, does not require as a matter of law imposition of [the] most severe sanctions available." Coyante v. Puerto Rico Ports Auth., 105 F.3d 17, 23 (1st Cir. 1997)(citing Anderson v. Beatrice Foods Co., 900 F.2d 388, 396 (1st Cir. 1990)); see also Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 39-40 (1st Cir. 2002)("Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc.") (internal quotation marks omitted).

Nevertheless, "[t]he law is well established in this circuit

9

that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." Marcello v. DeSano, No. CA 05-004 ML, 2006 WL 1582404, at *9, (D.R.I. Mar. 23, 2006)(alteration in original). The Supreme Court has stated that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778 (1976); see also Communispond, Inc. v. Kelley, No. 96 CIV. 1487(DC), 1998 WL 473951, at *4 (S.D.N.Y. Aug. 11, 1998)("Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent.")(internal quotation marks omitted).

"[A] party's disregard of a court order is a paradigmatic example of extreme misconduct." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005); see also Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007)("Without a doubt, the disregard of court orders qualifies as extreme behavior ...."); Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("[D]isobedience of

court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct.")(citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). Thus, "a party flouts a court order at his peril." Torres-Vargas, 431 F.3d at 393; see also Young v. Gordon, 330 F.3d at 82 ("it is axiomatic that 'a litigant who ignores a case-management deadline does so at his peril.'")(quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)); Corchado v. Puerto Rico Marine Mgmt., Inc., 665 F.2d 410, 413 (1st Cir. 1981) ("We hope that we have made it clear by now that a district court's discretion to use the extreme sanction of dismissal for failure of counsel to respond properly to discovery orders ... will be upheld unless abused.").

When noncompliance with an order occurs, "the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d at 81 (citing Tower Ventures, Inc. v. City of Westfield, 296 F.3d at 46). The appropriateness of an available sanction depends upon the facts of the particular case. Torres-Vargas v. Pereira, 431 F.3d at 392; see also Marcello v. DeSano, 2006 WL 1582404, at *10 (citing Torres-Vargas, 431 F.3d at 392).

## Discussion

Although Plaintiffs missed both the initial date (May 19) and the extended date (June 13) to provide Defendant with interrogatories, the parties subsequently agreed to withhold further discovery while settlement negotiations proceeded, and they jointly sought an extension of the deadlines established by the Pretrial Order. While this agreement does not absolve Plaintiffs of their previous non-compliance, it distinguishes this case from those where a party has been continuously pressing the recalcitrant party for responses to outstanding discovery requests. Thus, although Defendant emphasizes that the discovery requests have been outstanding since May, Plaintiffs' argument that the delay in responding to them, at least for purposes of determining the appropriate sanction, should be measured from the end of August is not without some factual support.

After August 30th, however, there are few, if any, mitigating facts or circumstances to excuse Plaintiffs' noncompliance with their discovery obligations and with the Court's September 30, 2011, order. Plaintiffs did not provide their responses by September 6, the date requested by Defendant's counsel. Admittedly, a request to comply within seven days is a short time frame, but given that the date for completion of fact discovery was October 1 Defendant's request was not unreasonable. When Plaintiffs failed to comply, Defendant promptly moved to compel the

responses. Plaintiffs did not object to the Motion to Compel, and the Court's order of September 30th required Plaintiffs to provide the sought discovery within ten days. When no discovery was produced, Defendants filed the instant Motion to Dismiss. Again, Plaintiffs did not object to the Motion.

As previously noted, the Court scheduled the December 6, 2011, hearing on the Motion out of an abundance of caution, mindful that dismissal is an extreme sanction. The Court was frankly surprised when counsel for Plaintiffs appeared at the hearing given that no objection had been filed to either the Motion to Compel or the instant Motion.

At the hearings on December 6 and 16, 2011, Plaintiffs' counsel produced documents which he represented were responsive to the outstanding discovery requests. He indicated that Plaintiffs' failure to provide the discovery earlier and to comply with the September 30th order was his fault and not the fault of his clients. He noted that his clients were Laotian and suggested that their ability to assist him in gathering material and preparing responses to the discovery requests was less than that of clients who were born in this country. Plaintiffs' counsel also argued that Defendant's emphasis on the fact that it had not received discovery pertaining to the calculation of Plaintiffs' damages attributable to their inability to refinance the mortgage was misplaced because such damages were probably less than three thousand dollars.

13

Plaintiffs' counsel indicated that the primary component of Plaintiffs' damages arose from the emotional distress they experienced as a result of receiving dunning letters and the knowledge that their reputation had been damaged by Defendant's actions.

Defendant validly notes that production of the sought discovery at the hearing does not excuse past noncompliance or violation of a Court order. The Court agrees. It is clear that some sanction is warranted because of Plaintiffs' noncompliance. The only real question is whether there is any sanction short of total dismissal which would adequately address Plaintiffs' failures.

After consideration, the Court concludes that it is possible to fashion a sanction which will adequately punish Plaintiffs for their noncompliance and remedy any prejudice to Defendant. The Court agrees with Defendant that Plaintiffs have no valid excuse for failing to provide discovery relative to the calculation of damages attributable to Plaintiffs' inability to refinance their mortgage.[6]

---

[6] As Defendant points out:

> The Plaintiffs have no rational basis to claim that they cannot quantify the amount of money they would have saved over the course of eighteen months while paying their prior mortgage had they been able to refinance. They know the rate at which they paid their prior mortgage, they know the refinance rate that they sought from Milford Savings Bank, and, presumptively, they know their current interest rate for the successful refinance. Rather than quantifying their

14

Accordingly, I recommend pursuant to Rule 37(b)(2)(A)(ii) that Plaintiffs be precluded from claiming damages attributable to the denial of their application for a mortgage refinance which caused them to have to make mortgage payments at an "unduly high rate." I further recommend that Plaintiffs' attorney be required to pay Defendant's attorney's fees which are attributable to the preparation of the Motion to Compel, the instant Motion, the Memorandum of Law in Support of American Home Mortgage Servicing, Inc.'s Motion to Dismiss ("Defendant's Mem."), Defendant's Supp. Mem., and attendance at the December 6 and 16, 2011, hearings.

### Conclusion

Accordingly, for the reasons stated above, I recommend that the Motion to Dismiss be denied, but that as a sanction for Plaintiffs' failure to comply with their discovery obligations and also with the Court's order of September 30, 2011, that they be precluded from claiming damages attributable to the denial of their application for a mortgage refinance which caused them to have to make mortgage payments at an "unduly high rate." As an additional sanction, I recommend that Plaintiffs' attorney be required to pay Defendant's attorney's fees which are attributable to the

---

damages, the Plaintiffs simply declined to substantively respond to the request. This response is further evidence of their willful disregard of discovery in this action.

Supplemental Memorandum of Law in Support of American Home Mortgage Servicing, Inc.'s Motion to Dismiss ("Defendant's Supp. Mem.") at 3.

preparation of the Motion to Compel, the instant Motion, Defendant's Mem., Defendant's Supp. Mem., and attendance at the December 6 and 16, 2011, hearings. I recommend that payment be made by Plaintiffs' counsel because he has indicated he is responsible for Plaintiffs' non-compliance with their obligations.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


*/s/ David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
March 28, 2012