```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

PHONE and SAMMY CHANTHAVONG,    :
                Plaintiffs,     :
                                :
    v.                          :            CA 10-211 S
                                :
JOHN DOE CORPORATION            :
d/b/a AMERICAN HOME MORTGAGE    :
SERVICING, INC.,                :
                Defendant.      :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is American Home Mortgage Servicing, Inc.'s Motion for Partial Summary Judgment (Docket ("Dkt.") #28) ("Motion for Partial Summary Judgment" or "Motion").  By the Motion, Defendant American Home Mortgage Servicing, Inc. ("Defendant"), seeks summary judgment on Counts 1 and 3 of the Complaint filed by Plaintiffs Phone and Sammy Chanthavong ("Plaintiffs").  The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  No hearing is necessary as the Motion is unopposed.[1]  After reviewing

---

[1] The Motion is unopposed because Plaintiffs' opposition has been stricken.  See Memorandum and Order Granting Defendant's Motion to Strike (Dkt. #37).  The opposition was stricken because it was untimely, it failed to comply with District of Rhode Island Local Rule ("DRI LR") Cv 56(a)(3), and it included an unsigned and unsworn affidavit from Plaintiffs which referred to attached exhibits which, in fact, were not attached to the affidavit.  See id. at 4, 18.

the filings, and performing independent research, I recommend that the Motion be granted.[2]

## I. Facts[3] and Travel

On January 2, 2007, Plaintiffs purchased a home located at 150 Avenue C, Woonsocket, Rhode Island. See American Home Mortgage Servicing, Inc.'s Statement of Undisputed Facts in Support of Its Motion for Partial Summary Judgment ("SUF") ¶ 1. In order to purchase this home, Plaintiffs obtained a $234,500 loan from

---

[2] Even though the Motion is unopposed, the First Circuit has cautioned that:

> [A] district court may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the court must determine whether summary judgment is "appropriate," which means that it must assure itself that the moving party's submission shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Advisory Committee Note to Rule 56 ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.").

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002); see also Cordero-Soto v. Island Fin., Inc., 418 F.3d 114, 118 (1st Cir. 2005)("Even where the record is circumscribed because summary judgment was unopposed, a district court may grant summary judgment against the nonresponding party only 'if appropriate.'")(quoting Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 9 (1st Cir. 2003)(quoting Fed. R. Civ. P. 56(e))).

[3] Unless otherwise indicated, the facts are taken from American Home Mortgage Servicing, Inc.'s Statement of Undisputed Facts in Support of Its Motion for Partial Summary Judgment ("Defendant's SUF").

2

American Brokers Conduit, which was secured by a mortgage on Plaintiffs' residence. Id.

Defendant began servicing Plaintiffs' mortgage in 2008. SUF ¶ 2. As part of its servicing of the loan, Defendant billed Plaintiffs for principal and interest payments of $1,462.97 per month. Id. The May 20, 2008, monthly billing statement which Defendant sent to Plaintiffs also indicated an "Escrow Balance" of $4,992.00. See Affidavit of Samuel C. Bodurtha Submitted in Support of American Home Mortgage Servicing, Inc.'s Motion for Partial Summary Judgment ("Bodurtha Aff."), Exhibit ("Ex.") B (Monthly Billing Statement for May 2008). Although Plaintiffs had no obligation to make escrow payments, see Complaint, Count 1 ¶ 7, they erroneously made "a payment for the alleged escrow amount," id. ¶ 8.[4] In or about July 2008, Plaintiffs recognized their error and attempted to correct it. Id. ¶ 9.

Plaintiffs allege that Defendant filed false reports with various credit reporting agencies that Plaintiffs were in arrears on their mortgage. Id., Count 2 ¶ 3. Plaintiffs further allege that as result of Defendant's conduct they were unable to refinance their property, they suffered a loss of reputation, and they were unable to obtain credit for their business. Id., Count 3 ¶ 5.

---

[4] The Court is constrained to cite to the Complaint by both count and paragraph number because each count begins with paragraph number "1." This practice hinders pinpoint citation. The paragraphs of a complaint should be numbered sequentially, and the numbering should not be restarted for each count.

Defendant received two separate inquiries regarding Plaintiffs' loan from credit agencies. SUF ¶ 3. Upon receipt of these disputed notices, Defendant completed an investigation of the pertinent information and corrected it, notified all credit bureaus, and notified the Plaintiffs. Id.

In Count 1, Plaintiffs claim that Defendant breached the January 2, 2007, mortgage agreement by demanding escrow payments from Plaintiffs, treating the loan as being in arrears because of Plaintiffs' failure to make escrow payments, and threatening Plaintiffs with foreclosure. See Complaint, Count 1 ¶¶ 11, 13. Count 3 alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1861 et seq., as a furnisher of information by knowingly and willfully transmitting false information regarding the status of Plaintiffs' payments, causing injury to Plaintiffs. Id., Count 3 ¶¶ 2-5.

**II. Summary Judgment Standard**

"Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Commercial Union Ins. Co. v. Pesante, 459 F.3d 34, 37 (1st Cir. 2006)(quoting Fed. R. Civ. P. 56)); accord Kearney v. Town of Wareham, 316 F.3d 18, 21 (1st Cir. 2002). "A dispute is genuine if the evidence about the fact is

such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)(quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)).

In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000)(citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)). However, the non-moving party may not rest merely upon the allegations or denials in its pleading, but must set forth specific facts showing that a genuine issue of material fact exists as to each issue upon which it would bear the ultimate burden of proof at trial. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d at 53 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505 (1986)). "[T]o defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party." ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002)(alteration in original)(internal quotation marks omitted)(quoting LeBlanc v.

Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993)).

"[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage." Coyne v. Taber Partners I, 53 F.3d 454, 460 (1st Cir. 1995). Furthermore, "[s]ummary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial. If the evidence presented is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper." Gannon v. Narragansett Elec. Co., 777 F. Supp. 167, 169 (D.R.I. 1991)(citation and internal quotation marks omitted).

**III. Discussion**

**A. Count 1 (Breach of Contract)**

In Count 1 of the Complaint, Plaintiffs assert a claim for breach of contract. See Complaint, Count 1, prayer for relief (requesting that "Plaintiffs be awarded damages for the Defendant's breach of contract ..."). As this is a state law claim, the Court applies Rhode Island substantive law. See Hoyos v. Telecorp Comm'ns, Inc., 488 F.3d 1, 5 (1st Cir. 2007)("a federal court sitting in diversity or exercising supplemental jurisdiction over state law claims must apply state substantive law"); see also Haley v. City of Boston, 657 F.3d 39, 53 (1st Cir. 2011)(applying "federal procedural law and state substantive law" to plaintiff's state law

6

claims); Phoung Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 88 (1st Cir. 2007)(stating that "a federal court considering state law claims ... must apply the state's law on substantive issues").

"To succeed on a breach of contract claim under Rhode Island law, a plaintiff must prove that (1) an agreement existed between the parties, (2) the defendant breached the agreement, and (3) the breach caused (4) damages to the plaintiff." Barkan v. Dunkin' Donuts, Inc., 627 F.3d 34, 39 (1st Cir. 2005)(footnote omitted) (citing Petrarca v. Fid. & Cas. Ins. Co., 884 A.2d 406, 410 (R.I. 2010)(citing Rendine v. Catoia, 158 A. 712, 713 (1932))). With respect to the agreement, a plaintiff must prove that there was "an offer and an acceptance," Opella v. Opella, 896 A.2d 714, 720 (R.I. 2006), and that "[e]ach party must have and manifest an objective intent to be bound by the agreement," id. "For either an express or an implied contract, 'a litigant must prove mutual assent or a "meeting of the minds between the parties."'" Id. (quoting Mills v. Rhode Island Hosp., 828 A.2d 526, 528 (R.I. 2003)(mem.)(quoting J. Koury Steel Erectors, Inc. of Mass. v. San-Vel Concrete Corp., 387 A.2d 694, 697 (R.I. 1978))).

To survive summary judgment, Plaintiffs here are "required to put forth competent evidence," Coll v. PB Diagnostic Sys., Inc., 50 F.3d 1115, 1122 (1st Cir. 1995), that (1) an agreement existed between Plaintiffs and Defendant, (2) that Defendant breached the agreement, and (3) the breach caused (4) damages to Plaintiffs, id.

Plaintiffs have not produced a mortgage agreement or any contract with Defendant, nor have they identified and provided evidence to show any specific term that Defendant breached. See Chiang v. MBNA, 620 F.3d 30, 31 (1st Cir. 2010)("Once the moving party avers an absence of evidence to support the non-moving party's case, the non-moving party must offer definite, competent evidence to rebut the motion."); Chiang v. Verizon New England, Inc., 595 F.3d 26, 34 (1st Cir. 2010)("Although it is true that the standards for summary judgment are highly favorable to the nonmoving party, the nonmovant ... still has a burden to produce evidence sufficient for a reasonable juror to find in his favor.")(alteration in original)(internal quotation marks omitted).

Moreover, the mortgage agreement which Plaintiffs reference in their Complaint identifies American Brokers Conduit as the "Lender," Bodurtha Aff., Ex. A (Mortgage) at 2, and Mortgage Electronic Registration Systems, Inc., as the "mortgagee." id. at 1. Thus, the mortgage agreement on its face demonstrates that Defendant was not a party and was not obligated by either the terms of the mortgage agreement or the agreement to waive any and all escrow payments.

Accordingly, Plaintiffs' breach of contract claim fails as a matter of law, and the Motion should be granted as to Count 1. See Glover v. Udren, Civil No. 08-990, 2010 WL 5829248, at *3 (W.D. Pa. Oct. 21, 2010)(agreeing that a "loan servicer is not a party to the

mortgage and cannot be held liable for breach of contract"); see also Trunzo v. Citi Mortg., Civil Action No. 2:11-cv-01124, 2012 WL 2405257, at *6 (W.D. Pa. June 25, 2012)("As a 'servicer' only receives limited rights and obligations under the mortgage contract relating to servicing, it is not a party to the original debt instruments like a 'lender' or 'note holder,' and, therefore, cannot be held liable for breaches in obligations that remain held by the 'lender' or 'note holder.'"). But see Cortinas v. Nevada Hous., No. 2:11-CV-01480-KJD-RJJ, 2011 WL 6936340, at *5 (D. Nev. Dec. 30, 2011)("mortgage servicers, whether holders of the mortgage note or simply agents of the holder of the note, may be liable for contractual breaches if the facts demonstrate the existence of a contract");[5] id. (dismissing plaintiffs' breach of contract claim where complaint did not "meet the pleading requirements by alleging facts claiming breach of an implied contract, i.e., the existence of an offer, acceptance, meeting of the minds, and consideration"). I so recommend.

   **B.  Count 3 (Violation of Fair Credit Reporting Act)**

Plaintiffs allege in Count 3 that Defendant violated the FCRA by transmitting false information regarding the status of Plaintiffs' payments. Complaint, Count 3 ¶¶ 2-4. The FCRA imposes certain obligations on entities that furnish credit information to

---

[5] Plaintiffs here have not demonstrated that a contractual relationship existed between Plaintiffs and Defendant.

consumer reporting agencies. <u>Chiang v. MBNA</u>, 620 F.3d at 30. Furnishers of credit information have a duty to provide accurate information to credit reporting agencies. 15 U.S.C. § 1681s-2(a); <u>see also</u> <u>Chiang v. Verizon New England, Inc.</u>, 595 F.3d at 35 ("Under § 1681s—2, furnishers may not provide inaccurate information to consumer reporting agencies[.]")(citing § 1681s—2(a)(1)). Furnishers of credit information also have a duty to undertake an investigation once a notice of dispute is received from a credit reporting agency. 15 U.S.C. § 1681s—2(b)(1)(A); <u>Young v. Equifax Credit Info. Servs.</u>, 294 F.3d 631, 639 (5th Cir. 2002)("Section 1681s—2(b) imposes duties on furnishers of information to, *inter alia*, investigate disputed information and report the results of any such investigation to the consumer reporting agency.").

While a private right of action exists against a furnisher of credit information for failure to undertake an investigation, there is no private right of action for a furnisher's failure to provide accurate information. <u>See</u> <u>Hylton v. Anytime Towing</u>, No. 11cv1039-GPC (WMC), 2012 WL 5498887, at *10 (S.D. Cal. Nov. 13, 2012) (stating "that FCRA is clear that there is no private right of action for alleged violation of section 1681s—2(a) which requires that furnishers provide accurate information to credit reporting agencies; but there is no bar against pursuing a private claim against a furnisher for a violation of section 1681s—2(b) which

10

requires that furnishers investigate the accuracy of reported information after getting notice of a dispute"); <u>Mengitsu v. Bank of Am., N.A.</u>, No. 3:10-0856, 2012 WL 3890597, at *4 (M.D. Tenn. Sept. 7, 2012)("[A]lthough 15 U.S.C. § 1681s—2(a) imposes duties on a furnisher of credit information related to the accuracy of the information the furnisher provides to a consumer reporting agency ('CRA'), there is no private cause of action for violations of these duties even if the information provided is inaccurate.")(footnote omitted); <u>see also</u> <u>Chiang v. Verizon New England, Inc.</u>, 595 F.3d at 35 ("Under § 1681s—2 furnishers may not provide inaccurate information to consumer reporting agencies, 15 U.S.C. § 1681s—2(a)(1), and also have specific duties in the event of a dispute over furnished information, <u>id.</u> § 1681s—2(b). Only the second of these duties is subject to a private cause of action."); <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1154 (9th Cir. 2009)("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies."); <u>Leet v. Cellco P'ship</u>, 480 F.Supp.2d 422, 428 (D. Mass. 2007)("courts have consistently held that there is no private right action for violations of § 1681s—2(a)").

Accordingly, Plaintiffs' FCRA claim fails, as a matter of law, because Plaintiffs may not bring a private action for breach of the duty to provide accurate information. Enforcement of this duty is limited to certain state and federal officials. <u>See</u> <u>Islam v.

Option One Mortg. Corp., 432 F.Supp.2d 181, 185 n.3 (D. Mass. 2006) ("The FCRA ... imparts the duty to provide accurate information with furnishers of information.  To prevent the glut of cases in the federal courts that would result if every consumer could sue anytime he or she disputed the accuracy of furnished information, Congress wisely limited enforcement of this section [15 U.S.C. § 1681–2(a)] to government agencies.")(alterations in original); Vazquez-Garcia v. Trans Union de Puerto Rico, 222 F.Supp.2d 150, 156 (D.P.R. 2002)(noting "that § 1681s–2(d)––which is part of the subtitle which defines the duties of furnishers of information––by its language, exclusively limits enforcement of the 'accurate information' provisions found in § 1681s–2(a) to federal and state officers only"); see also Dickman v. Verizon Commc'ns, Inc., No. 10 CV 2595(DRH)(GRB), 2012 WL 2501035, at *6 (E.D.N.Y. June 28, 2012)("Defendant correctly asserts ... that there is no private right of action under 15 U.S.C. § 1681s–2(a), as [t]he duties imposed under this section are only enforceable by a governmental agency or official.")(second alteration in original)(internal quotation marks omitted).

Therefore the Motion should be granted with respect to Count 3.  I so recommend.

## Conclusion

For the reasons explained above, I recommend that Defendant's Motion for Partial Summary Judgment be GRANTED and that with

respect to Counts 1 and 3 of the Complaint judgment enter for Defendant.  Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
November 19, 2012